19-2482
*Isnady v. Village of Walden*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of April, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                    *Circuit Judges.*
_____

WILL ISNADY,

                    *Plaintiff-Appellant*,

             v.                                            19-2482

VILLAGE OF WALDEN, VILLAGE OF WALDEN POLICE DEPARTMENT, SERGEANT ERIC METZGER, OFFICER DUSTIN JAMES, OFFICER ANTHONY TOLVE, OFFICER ROBERT MONTANARO, OFFICER JOHN CONKLIN, DISPATCHER JOHN MCNAMEE, DEAN STICKLES, WALDEN BUILDING INSPECTOR, JEFFREY HOLMES, WALDEN POLICE CHIEF,

                    *Defendants-Appellees.*
_____

Appearing for Appellant:        Barry D. Haberman, New City, N.Y.

Appearing for Appellee:         Mary E. Marzolla (Patrick A. Knowles, *on the brief*), Feerick
                                Nugent MacCartney, PLLC, South Nyack, N.Y.

Appeal from the United States District Court for the Southern District of New York (Román, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Will Isnady appeals from the July 19, 2019 opinion and order of the United States District Court for the Southern District of New York (Román, *J.*) dismissing his complaint for lack of standing and, alternatively, as barred by judicial estoppel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm the district court's dismissal of Isnady's complaint. Isnady has waived any challenge to the district court's determination that he lacks standing, because he neither raised nor argued the issue in his opening brief. *See, e.g.*, *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) ("Merely mentioning the relevant issue in an opening brief is not enough; issues not sufficiently argued are in general deemed waived and will not be considered on appeal." (internal quotation marks, brackets, and citation omitted)).

Even assuming arguendo that objections to the district court's holding on standing have not been waived, we would affirm the district court's finding that Isnady lacks standing. Despite knowing of the relevant causes of action by October 17, 2016—when Isnady filed his state court complaint based on the same occurrences underlying the present complaint—Isnady failed to disclose these causes of action in his bankruptcy proceedings before his debt was discharged on March 2, 2018. The causes of action thus belong to the bankruptcy estate, not to Isnady. *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (stating that a debtor must "disclose all his interests at the commencement of a [bankruptcy] case" (emphasis omitted)). Isnady cannot "assert[] the rights or legal interests of others in order to obtain relief from injury to [himself]." *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (internal quotation marks and citation omitted).

Because we affirm the district court's dismissal of Isnady's complaint on standing grounds, we need not consider the alternative ground of judicial estoppel. *See BPP Ill., LLC v. Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 191 n.1 (2d Cir. 2017) ("A federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (internal quotation marks, brackets, and citation omitted)).

We have considered the remainder of Isnady's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2